IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LUCY HUGHES,                          §
                                      §
                    Plaintiff,        §
                                      § Civil Action No. 3:09-CV-0218-D
VS.                                   §
                                      §
DILLARD, INC., et al.,                §
                                      §
                    Defendants.       §

MEMORANDUM OPINION
AND ORDER

In this removed action alleging race discrimination and
retaliation under 42 U.S.C. §§ 1981 and 1986, the dispositive
question presented by the movant-defendant's motion for summary
judgment is whether plaintiff's claims are time-barred.  Concluding
that they are, the court grants defendant's motion and dismisses
the claims against it with prejudice.  The court dismisses
plaintiff's claims against the other defendant (who has not yet
appeared in the case) without prejudice.

I

Plaintiff Lucy Hughes ("Hughes"), who is African-American, was
hired by defendant Dillard's, Inc.[1] ("Dillard's") in 1991 as a
sales associate.  She was promoted to the position of area sales

_____

[1]In the notice of removal, defendant Dillard's, Inc. is
identified as "Dillard, Inc."  Consequently, the caption in this
court misidentifies the defendant.  When Hughes filed her state
court petition, however, she correctly named "Dillard's, Inc." in
the caption and in the body of her pleading.

manager in 1995.[2]   At her request, Dillard's transferred her in 2001 to a Fort Worth, Texas buying office, where she worked as an assistant buyer.  She was not thereafter promoted to any open buyer positions.  Again at her request, Dillard's transferred her in 2003 to the position of an area sales manager at another store. Successive managers at that location were displeased with her performance.   In August 2004, the second of these managers, defendant James Mount ("Mount"), required that Hughes either accept a demotion to the position of sales associate at another store or remain in her current position for a probationary period, during which she would need to improve her job performance.  Hughes opted for the sales associate position at another store, which was managed by the individual who had hired Hughes in 1991 and with whom Hughes had a positive relationship.

On December 18, 2004 Hughes submitted a two-week notice that she was retiring.  She stated on the resignation form that she was "retiring from retail and taking a leap of faith into the future." Ds. App. 185.  Hughes's last day of work was January 1, 2005.  On January 19, 2005 she filed claims with the United States Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division ("TWC"), complaining of her demotion by Mount and alleging that Dillard's had forced her to

---

[2]An area sales manager is responsible for a particular area or department within a store, e.g., men's clothing.

resign.   The TWC rejected the claim and issued a right-to-sue
notice on June 17, 2005; the EEOC did the same on July 27, 2005.
Hughes filed this lawsuit in state court on December 24, 2008, more
than four years after she gave notice that she was retiring.
Dillard's removed the case to this court.[3]

Hughes alleges that Dillard's is liable under §§ 1981 and 1986
for discriminating against her in myriad ways based on her race
(e.g., denials of promotions, harsher discipline, less favorable
working conditions, and harassment) and for retaliating against
her.   Dillard's moves for summary judgment, contending, *inter alia*,
that Hughes's claims are barred by limitations.   In a late-filed
response, Hughes opposes the motion.

II

The court must determine as threshold matters which claims
Hughes is alleging and which defendant or defendants remain in the
case.

A

As noted, Hughes filed her state court petition on December
24, 2008.   After Dillard's removed the case to this court, Hughes
filed on March 20, 2009 an unopposed motion for leave to amend,
attaching a proposed first amended complaint.   On March 23, 2009
the court granted the motion, ordering her to file the amended

_____

[3]Only Dillard's removed the case because Mount had not been
served.

complaint within five business days.  Hughes did not do so.

On April 15, 2009 Dillard's filed a motion to amend the answer that it had filed in response to Hughes's state court petition. The court granted the motion, and Dillard's filed an amended answer the following day.  Dillard's filed the instant motion for summary judgment on September 25, 2009.  It also filed a motion to dismiss Hughes's action against Mount, contending that he had not been served and that dismissal was required under Fed. R. Civ. P. 4(m). Hughes filed an untimely response to the summary judgment motion on November 4, 2009.[4]  On November 17, 2009 she filed a first amended complaint.  Among other things, the amended complaint drops Mount as a defendant.  Dillard's moves to strike Hughes's untimely summary judgment response[5] and to strike her first amended complaint.[6]

---

[4]Under N.D. Tex. Civ. R. 7.1(e), Hughes's response was due on October 15, 2009, 20 days after Dillard's filed its motion.

[5]The court denies the motion.  Although the response is late, considering it will neither interfere with the decisional process of the court nor prejudice Dillard's, which is prevailing today on the merits despite the filing of the response.

[6]Dillard's filed the motion to strike on November 19, 2009. The court will not await a response from Hughes before addressing the motion.  First, the court is denying the motion to the extent Dillard's seeks to strike Hughes's summary judgment response. Second, even had Dillard's not moved to strike Hughes's first amended complaint, the court would have concluded under settled precedent that Hughes could not rely on the amended pleading to avoid summary judgment.

B

Without good cause, a party cannot avoid a motion for summary judgment by amending her complaint. *See Alexander v. Metrocare Servs.*, 2009 WL 3378625, at *2 n.2 (N.D. Tex. Oct. 21, 2009) (Fitzwater, C.J.) (quoting *Overseas Inns S.A. P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990)).  Accordingly, the court addresses the merits of claims that Hughes alleges in her state court petition.

In its brief, Dillard's states that it is unsure whether Hughes has alleged claims under 42 U.S.C. § 1986, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, or Title VII of the Civil Rights Act of 1964 ("Title VII").  Hughes initially alleges in her petition that "[t]his is an employment discrimination case arising under 42 U.S.C. § 1981." Pet. ¶ 5.  Following a fact section, Hughes alleges her first claim for relief in § V, entitled "Violation of 42 U.S.C. §§ 1981, 1981(a), 1986 against Dillard's and James Mount."[7]  Pet. 6.  Section VI is entitled "Retaliation by Dillard's and James Mount." Compl. 10.  Section 1981 encompasses retaliation claims. *CBOCS West, Inc. v. Humphries*, ___U.S.___, 128 S.Ct. 1951, 1954-55 (2008).  Because Hughes alleges that she is seeking relief under § 1981, the court construes her petition as suing for retaliation

---

[7]This formulation is repeated elsewhere in the petition, so the court infers that the repetition of § 1981 is not a mistake.

- 5 -

under § 1981 rather than under the ADEA or Title VII.[8]  Section VII states a claim under 42 U.S.C. § 1986.[9]  Accordingly, the claims that remain against Dillard's are brought under §§ 1981 and 1986 for discrimination and retaliation.[10]

C

The court must next determine Mount's party status.  In Hughes's proposed first amended complaint, she drops Mount as a defendant.  Normally, Rule 41(a)(1)(A)(i) would govern Hughes's attempt to dismiss Mount as a defendant, and he could be dismissed on Hughes's notice.  No court order would be necessary given the nature of this case[11] and the fact that Mount (having not been served with process) has not served an answer or a summary judgment motion.

---

[8]In any event, Hughes's claims were filed more than 90 days after she received the right to sue letters.  Accordingly, any Title VII or ADEA claims would be time-barred.

[9]Hughes omits any mention of § 1986 in her proposed first amended complaint, and she drops her Title VII claim entirely. Because the court is ruling on Dillard's motion based on Hughes's state court petition rather than the proposed first amended complaint, it concludes that her § 1986 claim remains and that it must be addressed on the merits.

[10]In her petition, Hughes makes several references to a hostile work environment.  *See* Pet ¶¶ 10, 11, 20, 29, 32, 33, and 34.  To the extent she intends to allege a hostile work environment claim, Dillard's has established that Hughes was not subjected to improperly harmful actions after December 24, 2004.  This claim, if she in fact asserts it, would also be time-barred.

[11]I.e., one in which Rules 23(e), 23.1(c), 23.2, and 66 do not apply, and a federal statute does not provide otherwise.

- 6 -

Arguably, the court could treat Hughes's recently-filed first amended complaint as the functional equivalent of a notice of dismissal.  Although Dillard's moves to strike this pleading, it does not oppose dismissing Mount as a defendant.  In fact, it seeks this very relief, moving for Mount's dismissal under Rule 4(m) in a motion filed the same day it moved for summary judgment.  Because dismissals under Rule 4(m) and Rule 41(a)(1)(A)(i) are both without prejudice, the court assumes that Dillard's would not oppose Mount's being dismissed based on the first amended complaint, provided the court applies that pleading only to Mount and not to Dillard's.

Accordingly, the court concludes that Hughes has dismissed without prejudice her action against Mount pursuant to her first amended complaint, which effectively functions as a Rule 41(a)(1)(A)(i) notice of dismissal.  The court dismisses Hughes's action against Mount without prejudice.

III

The court now considers the merits of the summary judgment motion filed by Dillard's.

A

Dillard's seeks summary judgment on the ground, *inter alia*, that Hughes's claims are barred by the statute of limitations. Because limitations is an affirmative defense for which Dillard's will have the burden of proof at trial, to obtain summary judgment

it "must establish 'beyond peradventure all of the essential elements of the . . . defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).

Under § 1981, "the relevant date for the [running] of the statute of limitations is the [l]ast date on which defendants improperly harmed plaintiffs." *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1255 (5th Cir. 1979).  The statute of limitations for a § 1981 claim is, at most,[12] four years.  Dillard's may meet its summary judgment burden by establishing that no improperly harmful act occurred after December 24, 2004.

Dillard's has met its summary judgment burden by introducing unrefuted evidence that no improperly harmful actions were taken against Hughes after December 24, 2004.  Dillard's served Hughes with interrogatories that asked her to specify the events on which she based her claims.  The last event that Hughes described

---

[12]Claims that arise under the 1991 amendments to § 1981 must be brought within four years.  *See Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004) (interpreting 28 U.S.C. § 1658(a)). Claims actionable before the 1991 amendments are subject to the limitations period for analogous actions under state law.  *See Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 341 (5th Cir. 2005). In Texas, "the most analogous state statute of limitations is the one for personal injury tort actions," which is two years.  *Wooten v. Fed. Exp. Corp.*, 2007 WL 63609, at *4 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.) (referring to Tex. Civ. Prac. & Rem. Code § 16.003(a) (Vernon 2005)), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009) (per curiam).

occurred on August 12, 2004.[13]

In her deposition, Hughes was asked, "Did you have any problems or incidents with anyone else at Dillard's after you moved over to the Hulen Mall store [i.e., became a sales associate] in August of 2004?"  Ds. App. 109 (bracketed material added).  She answered that she did not.  Hughes's last supervisor stated that, after Hughes submitted her resignation, she worked her last days without problem or incident.  *Id.* at 5.

In her summary judgment response, Hughes argues (without otherwise addressing the statute of limitations) that her claim for constructive discharge is not time-barred.  Hughes's theory appears to be that her demotion by Mount embarrassed her, and eventually caused her to quit.  *See id*. at 110.  But even if Hughes's resignation qualifies as a constructive discharge, the discharge occurred before December 24, 2004.  The acts leading to the discharge thus occurred outside of the limitations period, and are not actionable.  *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 117 (2002) (holding that claim for hostile work environment based on events occurring outside limitations period was only

---

[13]In the same section in which Hughes describes the conduct of Mount on August 12, 2004, she states, "He made the 3 weeks after losing my assistant unbearable.  He was hostile, always angry at me . . . .  I would smile and he would not smile.  He would look at me angry."  Ds. App. 218.  Although it appears in the section in which she notes Mount's demoting her, this statement apparently refers to the promotion of "Coby," whom she was training.  There is no indication that this occurred after December 24, 2004.

actionable if at least one act contributing to the hostile environment occurred during the limitations period); *Jackson v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 54 Fed. Appx. 404, 2002 WL 31687699, at *5 n. 4 (5th Cir. 2002) (per curiam) (equating, for limitations purposes, Title VII constructive discharge claim to Title VII hostile work environment claim). Accordingly, regardless whether Hughes's claims have merit, they are barred by limitations as a matter of law. Hughes simply waited too long to file her lawsuit.

B

Dillard's has also established that Hughes's § 1986 claim is time-barred. "[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Hughes's cause of action, if any, accrued well before December 24, 2007.

C

Because Dillard's has established beyond peradventure that Hughes's claims under §§ 1981 and 1986 are barred by the statute of limitations, it is entitled to summary judgment dismissing the action against it.

\*   \*   \*

Accordingly, the September 25, 2009 motion for summary judgment filed by Dillard's is granted, and Hughes's action against Dillard's is dismissed with prejudice by judgment filed today.

- 10 -

Hughes's action against Mount is dismissed without prejudice under Rule 41(a)(1)(A)(i).

      **SO ORDERED.**

November 30, 2009.

                  _____

                  SIDNEY A. FITZWATER
                  CHIEF JUDGE